NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ANTONIO HERNANDEZ CAMACHO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | Nos. 07-72328 <br> 07-74065 <br><br> Agency No. A096-166-398 <br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

In these consolidated petitions for review, Luis Antonio Hernandez

Camacho, a native and citizen of Mexico, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

NHY/Research

judge's decision denying his application for cancellation of removal, and the BIA's order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, including due process violations, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and for abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). We deny both petitions for review.

Contrary to Hernandez Camacho's contention that his due process rights were violated because of a transcript error, the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted). Moreover, Hernandez Camacho failed to demonstrate that redoing the transcript would have affected the outcome of the proceedings. *See id*. (requiring prejudice to prevail on a due process challenge).

The BIA did not abuse its discretion in denying Hernandez Camacho's motion to reopen where he failed to show statutory eligibility for cancellation of removal. *See* 8 C.F.R. § 1003.2(c)(1); *see also Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002).

In light of our disposition, Petitioner's motion to supplement the record is denied as moot.

**PETITIONS FOR REVIEW DENIED.**